UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

DONNA ANTONIO ROYALE,

               Petitioner,

-against-

IMMIGRATION & NATURALIZATION SERVICE,

               Respondent.

-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-2105 (KAM)

DOCKET & FILE

KIYO A. MATSUMOTO, United States District Judge:

      Donna Antonio Royale ("petitioner" or "Royale") brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1, Petition, filed on May 14, 2010.) For the reasons set forth below, the petition is dismissed. Additionally, the court declines to grant *in forma pauperis* relief for the purpose of any appeal.

## BACKGROUND

      According to the petition, Royale was a lawful permanent resident of the United States, but was subject to deportation proceedings following convictions for possession of, and conspiracy to import, marijuana. (Petition ¶ 4.) Petitioner was ordered removed from the United States on July 30, 1996, by Immigration Judge Matthew T. Adrian. (Pet. ¶ 2.) On May 18, 2007 the Board of Immigration Appeals ("BIA") denied as untimely petitioner's motion to reopen and found no basis to reopen the proceedings *sua sponte*. *See Royale v. Mukasey*, 264 Fed. Appx. 41 (2d Cir. Feb. 11, 2008). Thereafter, Royale filed a petition for review of the BIA order in the United States Court of Appeals for the Second Circuit. *Id.* That petition was dismissed for lack of jurisdiction. *Id.* (citing *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (decision of the BIA whether to reopen a case *sua sponte* is "entirely discretionary" and therefore beyond review)). The Court of Appeals also dismissed as moot the then pending motion for a stay of removal.

Petitioner now asks this court to "reopen and reconsider" the proceedings conducted before Immigration Judge Adrian and to stay his deportation. (Petition ¶ 7.)

## DISCUSSION

The REAL ID Act of 2005, 8 U.S.C. § 1252, strips district courts of jurisdiction to review a final order of deportation. *See De Ping Wang v. Department of Homeland Sec.*, 484 F.3d 615 (2d Cir. 2007). The provisions of § 1252 also strip district courts of jurisdiction to stay an order of deportation or removal. *Acosta-De La Cruz v. United States*, No. 07-CV-5386, 2008 U.S. Dist. LEXIS 52801, 2008 WL 2700293, at *2 (E.D.N.Y. July 9, 2008). Indeed, under § 1252, the "sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals . . . ." 8 U.S.C. § 1252(a)(5); *see also Moreno Bravo v. Gonzales*, 463 F.3d 253, 261 (2d Cir. 2006) (Section 1252 mandates "that 'a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of' the [Immigration and Nationality Act]. This is unquestionably a jurisdiction-stripping provision, particularly as it relates to habeas jurisdiction.") (quoting 8 U.S.C. § 1252(a)(5)) (citation omitted*); Marquez Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) "unequivocally eliminates" habeas corpus review of removal orders from district court). Such a petition for review must be filed in the court of appeals for the judicial circuit in which the order of removal was entered, *see* 8 U.S.C. § 1252(b)(2), and must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Accordingly, this court lacks jurisdiction over the instant petition.

Moreover, because the instant petition is untimely and because the Court of Appeals dismissed Royale's previous petition, the court concludes that there are no grounds upon

2

which the Court of Appeals may review the petition. Thus, the court finds that the petition should not be transferred to the Court of Appeals "in the interests of justice" pursuant to 28 U.S.C. § 1631. *See De Ping Wang,* 484 F.3d at 618 (finding that when a petition for a writ of habeas corpus challenging a removal order under 28 U.S.C. § 2241 is improperly filed in the district court, transfer to the Court of Appeals is impermissible under 28 U.S.C. § 1631 where the petition is untimely and thus could not have been brought in the Court of Appeals at the time it was filed in the district court).

## CONCLUSION

Because this court has no jurisdiction to review petitioner's claims under 28 U.S.C. § 2241, the instant petition is dismissed. In addition, pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this order would not be taken in good faith; accordingly, the court declines to grant *in forma pauperis* relief for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case and mail a copy of this order to petitioner's address of record.

SO ORDERED.

/s/

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
      June 7, 2010